**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000300**
**17-JUN-2020**
**07:44 AM**

NO. CAAP-18-0000300

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WESTON W. GARCIA, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAIʻI,
Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-17-00009)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Petitioner-Appellant Weston W. Garcia (Garcia) appeals from a Judgment on Appeal, entered on March 6, 2018, by the District Court of the First Circuit, Honolulu Division (district court)[1] The Judgment affirms Garcia's driver's license revocation by Respondent-Appellee Administrative Director of the Courts, State of Hawaiʻi (Director).[2]

---

[1] The Honorable James S. Kawashima presided.

[2] Hawaii Revised Statutes (HRS) § 291E-1 (2007) provides: "'Director' means the administrative director of the courts or any other person within the judiciary appointed by the director to conduct administrative reviews or hearings or carry out other functions relating to administrative revocation under part III [entitled 'Administrative Revocation Process']." By virtue of this provision, the hearing officer exercises the powers of the administrative director of the courts in conducting administrative review hearings. See Soderlund v. Admin. Dir. of the Courts, 96 Hawaiʻi 114, 115 n.1, 26 P.3d 1214, 1215 n.1 (2001). Hereinafter, "Director" is used interchangeably to designate the Director and the hearing officer.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Garcia's points of error as follows.

**A. Garcia's due process rights were not violated when the Director stated that Garcia was subject to a one-year license suspension for Operating a Vehicle While Under the Influence of an Intoxicant (OVUII).**

Garcia argues that the district court erred in affirming the Director's decision to sustain his two-year driver's license revocation. Specifically, Garcia argues that the Director deprived him of his due process rights by revoking his license for two years despite telling Garcia "in no uncertain terms" at the administrative revocation hearing that "he would lose his license for one year, and then only as a suspension." Related to this argument is Garcia's contention that, in the district court's March 6, 2018 Decision and Order Affirming Administrative Revocation and Dismissing Appeal (Decision and Order), Finding of Fact (FOF) 7 is clearly erroneous, and Conclusions of Law (COLs) 3-5 are wrong.

At the administrative revocation hearing, Garcia's counsel stated that Garcia did not contest his OVUII offense, but contested his refusal to submit to a test for blood alcohol concentration (BAC) on the basis that his refusal was not knowing and intelligent. The Director engaged Garcia in the following colloquy, in relevant part:

> Q. Okay. It means that you're not contesting the DUI. Do you understand that?
>
> A. Yes.
>
> . . . .
>
> Q. Okay. And, you understand that A) Driving under the Influence here requires a one year's suspension?
>
> A. Okay.
>
> Q. And, you understand that by waiving that, your license will be suspended for one year?

A. Yes.

. . . .

Q. And, the only thing you're contesting today then is the refusal of the -- the blood or breath test?

A. Yes.

It is undisputed that Garcia had no prior alcohol enforcement contact and, thus, was subject to a one-year driver's license revocation for the OVUII alone or a two-year license revocation for having been arrested of OVUII and refusing to submit to a BAC test. See HRS § 291E-41(b)(1) and (c) (Supp. 2018). The Director's colloquy addressed Garcia's waiver of any challenge to his OVUII offense, for which Garcia was subject to a one-year driver's license revocation. The colloquy did not concern the penalty for Garcia's refusal to submit to a BAC test. Although the Director erred by referring to a license "suspension" rather than a revocation, the error was harmless where Garcia was notified by the Notice of Administrative Revocation form and the HPD-396B1-3 form ("Sanctions for Use of Intoxicants While Operating a Vehicle & Implied Consent for Testing") that refusing a blood or breath test would subject him to a two-year license revocation.[3]

---

[3]     The Notice of Administrative Revocation, which was served on Garcia, provides, in relevant part:

| Offense Means Alcohol Enforcement Contact | **You Took a Breath or Blood Test And, If Applicable, a Blood or Urine Test** | **You Refused to be Tested** |
|---|---|---|
| First Offense Within Five Years | ONE YEAR | TWO YEARS |

The HPD-396B1-3 form, which was read to Garcia, provides, in relevant part:

7. REFUSED  The administrative revocation of driver's license consequences for taking or refusing to take a test are as follows:

a. REFUSED  If you refuse to take any tests and your record shows no prior alcohol . . .

The district court did not wrongly conclude that when the Director referred to a one-year suspension of Garcia's driver's license, the Director did not exceed constitutional or statutory authority, erroneously interpret the law, act in an arbitrary or capricious manner, commit an abuse of discretion, or make a determination unsupported by the evidence in the record. See HRS § 291E-40(c) (2007).

FOF 7 is not clearly erroneous and COLs 3-5 are not wrong.

**B.    Garcia fails to show that he preserved for appeal the issue of whether the Director erroneously concluded that Officer McKee was not required to ensure Garcia understood the implied consent law.**

After Garcia was arrested, Officer McKee read Garcia the HPD-396K and HPD-396B1-4 forms (collectively, implied consent form) informing Garcia of the implied consent law, including the sanctions for refusing a BAC test. At the administrative revocation hearing, Garcia testified that when Officer McKee read the implied consent form, Garcia did not understand the consequence for refusing a BAC test because, among other things, the officer failed to answer his questions about language in the implied consent form and the BAC testing procedure. The Director concluded that Garcia refused a BAC test after being lawfully informed of the consequences.

Garcia argues the district court erred in affirming the Director's decision because the Director "refused to consider if Garcia actually understood the implied consent law read to him." Garcia asserts that the Director apparently concluded that there

enforcement contact during the five years preceding the date the notice of administrative revocation was issued, your license and privilege to operate a vehicle will be revoked for a period of two years.

However, if you choose to take a test and fail it, your license and privilege to operate a vehicle will be revoked for one year.

was no requirement that a driver understand the implied consent law, and all that was required was that a police officer read the driver the implied consent form. The Director argues that Garcia waived this issue by not arguing it before the district court.

In his December 21, 2017 Petition for Judicial Review (Petition), Garcia asserted that "[t]he [Director] committed an abuse of discretion by assuming [Garcia] made a knowing and intentional 'Refusal' after testimony clearly demonstrated that [Garcia] made multiple requests for further explanation of what was being read because he did not understand." However, Garcia did not argue this point in his Memorandum in Support of Petition for Judicial Review (Memo in Support of Petition), separately filed on January 24, 2018. There, for the first time, he raised his argument regarding the district court's "one-year suspension" remark, as we discussed in part A. In its Decision and Order, the district court addressed only the argument in the Memo in Support of Petition and not any of the points raised in the Petition itself.

Garcia has the burden to provide a record adequate to address the issues on appeal. See Hawaiʻi Rules of Appellate Procedure Rule 11(a); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995). The district court did not make any finding or conclusion regarding this issue in its Decision and Order, nor is there a transcript of the hearing on the Petition included in the record on appeal. There is before us no evidence showing whether Garcia preserved this issue by actually raising it to the district court during his appeal hearing. Hence, there is an insufficient basis in the record before us to address this contention.

Therefore, IT IS HEREBY ORDERED that the Judgment on Appeal, entered on March 6, 2018, by the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 17, 2020.


On the briefs:

Earle A. Partington,
and R. Patrick McPherson,
for Petitioner-Appellant.

Dawn E. Takeuchi-Apuna,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Derrick H. M. Chan
Associate Judge


/s/ Keith K. Hiraoka
Associate Judge